UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

INTRA-LOCK INTERNATIONAL, INC., a
Florida corporation,

       Plaintiff,

vs.

BOCA DENTAL SUPPLY, LLC,
a Florida limited liability company,

       Defendant.
_____/

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL**

Plaintiff, INTRA-LOCK INTERNATIONAL, INC. ("Plaintiff") sues Defendant, BOCA DENTAL SUPPLY, LLC ("Defendant") and states:

**JURISDICTION AND VENUE**

1. This is an action for false advertising and unfair competition and arising under the laws of the United States 15 U.S.C. §1125 and the State of Florida.

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 and 1338 because Plaintiff's claims arise under federal law.

3. This Court may exercise supplemental jurisdiction over all related state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391.

**THE PARTIES**

5. Plaintiff is a Florida corporation having its principal place of business in this District.

7. Defendant is a Florida Limited Liability Company with its principal place of business in this District.

## COMMON ALLEGATIONS FOR ALL CLAIMS OF RELIEF

8. Plaintiff is a nationwide leader in the business of manufacturing and selling medical devices including, without limitation, the IntraSpin™ System (the "Device"). A true and correct copy of the product brochure for the Device is attached hereto as **Exhibit "1"**.

9. The Device is a three-step system and protocol for drawing and centrifuging a dental patient's blood, removing the fibrin clot and processing it to form a thin, compressed layer of Platelet Rich Fibrin ("PRF"). The PRF that is formed is strong, pliable and suitable for suturing and can be used by dentists to treat bone defects, for extraction sockets, sinus and dental ridge augmentation, to treat palatal defects, and to treat maxillary bone atrophy. The PRF is introduced directly into open wounds and directly into the bloodstream.

10. Blood collection tubes are one of the components comprising the Device (the "Tubes").

11. Plaintiff sells the Device and, therefore, the Tubes, primarily to dental surgeons and has developed substantial goodwill in the limited industry it serves.

12. In the last five years, Plaintiff has spent large sums of money in researching, developing, promoting, advertising, and marketing the Device.

13. Defendant is a competitor to Plaintiff and is in the business of selling products in interstate commerce similar to the Device and the Tubes through its website located at www.bocadentalsupply.com and through other means.

14. In promoting its own products, Defendant has targeted Plaintiff, the Device, and in particular, the Tubes, advising the target market that users should "beware" of using the Tubes

because of "liability risks". A true and correct copy of a postcard mailed to dental professionals by Defendant is attached hereto as **Exhibit "2"**.

15. In addition, Defendant has, through its website and by direct mail both in interstate commerce, advised Plaintiff's target market that Plaintiff has defrauded governmental regulatory authorities and deceived its own speakers at certain trade events. Going further, Defendant advertises that the Device may be recalled because "the health and life of the patients is been [sic] placed at risk by its use." A true and correct copy of a specimen of Defendant's direct mailing is attached hereto as **Exhibit "3"**.

16. On its website, Defendant states: "Any Doctor that uses the intra-Lock [sic] tubes is placing the patient's health and life at risk and also, the doctors using such tubes are taking mayor [sic] liability and license suspecsion [sic] risks." A true and correct copy of a pertinent page on Defendant's website is attached hereto as **Exhibit "4"**.

17. Defendant's website further features a slideshow regarding Plaintiff and the Device (which Defendant claims to be illegal and could "kill people"), culminating in a slide that reads that Plaintiff has lied to the government, dentists, and speakers. The final slide further reads that Plaintiff's advertising is misleading and reiterates that Plaintiff's Device is putting both patients' lives and doctors' licenses at risk. The representations made in the slideshow are apparently based on "many Doctor's statements" although the identities of said doctors are not disclosed. A true and correct copy of the slideshow contained on Defendant's website is attached hereto as **Exhibit "5"**.

18. The website and accompanying slideshow further misrepresents the nature and outcome of certain prior litigation between Plaintiff and Defendant, incorrectly indicating that the prior litigation included a patent dispute.

19. The foregoing representations, statements, and scare tactics made by Defendant is false.

20. The Device and Tubes are safe.

21. Plaintiff has not misrepresented the Device and Tubes to the government, doctors, its speakers, or anyone at all.

22. Plaintiff is unaware of any patient being harmed as a result of the use of the Device or Tubes.

23. Plaintiff is unaware of any doctor having his/her license suspended as a result of the use of the Device or Tubes.

24. Plaintiff is unaware of any doctor incurring any type of liability as a result of the use of the Device or Tubes.

25. Defendant's false representations are material and affect the purchasing decisions of Plaintiff's target market, causing Plaintiff to lose sales.

26. Plaintiff is informed and believes, and on that basis alleges, that Defendant's acts complained of herein are willful and deliberate.

27. Defendant's acts complained of herein have caused Plaintiff to suffer irreparable injury to its business. Plaintiff has suffered substantial loss of goodwill and reputation, which loss will continue unless and until Defendant is preliminarily and permanently enjoined from its wrongful actions complained of herein.

28. All conditions precedent to this action have been met or waived.

29. Plaintiff has retained undersigned counsel to represent it in this cause, and as such is obligated to pay reasonable attorneys' fees. Pursuant to the relevant federal and state statutes (i.e., 11 U.S.C. § 1125 and Fla. Stat. § 501.2105), Plaintiff is entitled to an award of attorneys'

fees in this action.

## COUNT I
## UNFAIR COMPETITION (15 U.S.C. § 1125)

Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs 1 through 29 above with the same force and effect as if set forth at length herein.

30. Defendant advertises that Plaintiff's products are unsafe and put patients' lives and doctors' livelihoods at risk. Defendant further advertises that Plaintiff has lied or defrauded the government and the public regarding the safety of its products. These statements are false and misrepresent the nature and characteristics of the Plaintiff's products as well as Plaintiff's business ethics. Such actions are unfair and deceptive practices and constitute unfair competition because such advertising and/or promotion has a tendency to deceive and deceives the market served by Plaintiff with respect to the Device.

31. The deception is material in that it is likely to influence a purchasing decision. That is, Defendant's representations give potential purchasers the mistaken belief that Plaintiff is not a respectable company and its products are unsafe, leading them to purchase Defendant's products instead.

32. As a result of Defendant's tactics, Plaintiff has not only lost sales directly to Defendant but also has lessened goodwill in Plaintiff and/or its products due to Defendant's actions.

33. The actions of Defendant described above has at all times relevant to this lawsuit been willful and/or knowing.

34. Defendant's unfair competition has caused and will continue to cause damage to the Plaintiff, and is causing irreparable harm to the Plaintiff for which there is no adequate remedy at law.

WHEREFORE, it is respectfully requested that this Court enter a final judgment in favor of Plaintiff and against Defendant pursuant to 15 U.S.C. § 1116 preliminarily and permanently enjoining Defendant from misrepresenting the nature of Plaintiff's products and business, requiring Defendant to take corrective action for its unfair competition, for damages, costs and fees pursuant to 15 U.S.C. § 1117, and for such other, further relief as the Court may deem just, proper and equitable under the circumstances.

## COUNT II
## FALSE AND MISLEADING STATEMENTS (15 U.S.C. § 1125(a)(1)(B))

Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs 1 through 29 above with the same force and effect as if set forth at length herein.

35. Defendant has made false and misleading representations or omissions of fact to customers and potential customers in violation of 15 U.S.C. § 1125(a)(1)(B) that: (1) Plaintiff's products are unsafe and put patients' lives and doctors' livelihoods at risk; and (2) Plaintiff has lied or defrauded the government and the public regarding the safety of its products.

36. However, Plaintiff's products are safe and Plaintiff has not lied to or defrauded anyone.

37. Defendant's false advertising has a tendency to deceive and does deceive the market and impact its buying decisions with respect to the Device.

38. The deception is material in that it is likely to influence a purchasing decision. That is, Defendant's representations give potential purchasers the mistaken belief that Plaintiff is not a respectable company and its products are unsafe, leading them to purchase Defendant's products instead.

39. As a result of Defendant's false advertising, Plaintiff has not only lost sales directly to Defendant but also has lessened goodwill in Plaintiff and/or its products due to Defendant's actions.

40. The actions of Defendant described above has at all times relevant to this lawsuit been willful and/or knowing.

41. As a direct and proximate result of the actions of Defendant alleged above, Plaintiff has been damaged and will continue to be damaged by Defendant's actions, and such damage is irreparable.

WHEREFORE, it is respectfully requested that this Court enter a final judgment in favor of Plaintiff and against Defendant preliminarily and permanently enjoining Defendant from misrepresenting the nature of Plaintiff's products and business, requiring Defendant to take corrective action for its unfair competition, for damages, costs and fees pursuant to 15 U.S.C. § 1117, and for such other, further relief as the Court may deem just, proper and equitable under the circumstances.

## COUNT III
## COMMON LAW UNFAIR COMPETITION

Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs 1 through 29 above with the same force and effect as if set forth at length herein.

42. This is a claim for unfair competition arising under Florida common law.

43. Defendant advertises that Plaintiff's products are unsafe and put patients' lives and doctors' livelihoods at risk. Defendant further advertises that Plaintiff has lied or defrauded the government and the public regarding the safety of its products. These statements are false and misrepresent the nature and characteristics of the Plaintiff's products as well as Plaintiff's business ethics. Such actions are unfair and deceptive practices and constitute unfair competition

7

because such advertising and/or promotion has a tendency to deceive and deceives the market served by Plaintiff with respect to the Device.

44. Upon information and belief, Defendant's violations of Florida unfair competition common law has been willful and deliberate.

45. Defendant's acts have injured Plaintiff in an amount to be proven at trial.

46. By its actions, Defendant has irreparably injured Plaintiff. Such irreparable injury will continue until and unless Defendant is preliminarily and permanently enjoined by this Court from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

WHEREFORE, it is respectfully requested that this Court enter a final judgment in favor of Plaintiff and against Defendant preliminarily and permanently enjoining Defendant from misrepresenting the nature of Plaintiff's products and business, requiring Defendant to take corrective action for its unfair competition, for damages, costs and fees, and for such other, further relief as the Court may deem just, proper and equitable under the circumstances.

## COUNT IV
## DEFAMATION

Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs 1 through 29 above with the same force and effect as if set forth at length herein.

47. This is a claim for defamation arising under Florida common law.

48. Defendant has recklessly and without privilege published false statements that: (1) Plaintiff's products are unsafe and put patients' lives and doctors' livelihoods at risk; and (2) Plaintiff has lied or defrauded the government and the public regarding the safety of its products.

49. Defendant's false statements are defamatory in that, when considered in totality, their prominent function is to create hatred, distrust, ridicule, contempt, or disgrace of Plaintiff to the community it serves.

50. Defendant's acts have injured Plaintiff in an amount to be proven at trial.

51. By its actions, Defendant has irreparably injured Plaintiff. Such irreparable injury will continue until and unless Defendant is preliminarily and permanently enjoined by this Court from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

WHEREFORE, it is respectfully requested that this Court enter a final judgment in favor of Plaintiff and against Defendant preliminarily and permanently enjoining Defendant from misrepresenting the nature of Plaintiff's products and business, requiring Defendant to take corrective action for its unfair competition, for damages, costs and fees, and for such other, further relief as the Court may deem just, proper and equitable under the circumstances.

## COUNT V
## PRELIMINARY AND PERMANENT INJUNCTION

Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs 1 through 51 above with the same force and effect as if set forth at length herein.

52. Defendant's acts have irreparably injured Plaintiff. Such injury will continue until and unless Defendant is preliminarily and permanently enjoined by this Court from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law, and injunctive relief is granted under 15 U.S.C. §1116(a).

53. As reflected above and as will be argued at subsequent hearings, there is a likelihood that Plaintiff will succeed on the merits due to the unassailable fact that Defendant is unfairly and deceptively making false and misleading statements regarding the nature and characteristics of Plaintiff's products and business. Such deception has a tendency to mislead and/or deceive consumers as to the nature and quality of the products being sold by Plaintiff.

54. Defendant will not be injured by the issuance of appropriate injunctive relief enjoining their unfair competition and false advertising.

55. The issuance of appropriate injunctive relief will promote the public interest because such an injunction would promote fair competition in the marketplace.

WHEREFORE, it is respectfully requested that this Court preliminarily and permanently enjoin Defendant, its principals, agents, servants, employees, attorneys, successors, and assigns, and all other persons in active concert or participation with any of them who receive actual notice of the injunction by personal service or otherwise, from:

A. unfairly competing with Plaintiff in any manner whatsoever;

B. causing a likelihood of confusion or injury to Plaintiff's business reputation;

C. requiring Defendant to take corrective action, including without limitation, retraction of the statements referenced in the Exhibits hereto; and

D. such other relief and this Court deems proper and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Vijay G. Brijbasi
Alan J. Perlman
Florida Bar No. 826006
Vijay G. Brijbasi, Esq.
Florida Bar No. 15037
**ROETZEL & ANDRESS, LPA**
350 Las Olas Blvd., Suite 1150
Fort Lauderdale, FL 33301
Tel.:  (954) 462-4150
Fax:  (954) 462-4260
E-mail: vbrijbasi@ralaw.com